■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BOOTHE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 19, 1974, convicting him of robbery in the first degree, grand larceny in the third degree, assault in the first degree (two counts) and possession of a weapon, etc., as a felony, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant cannot be heard to complain about the trial court's direction that he be gagged, since his continued boisterous and disorderly conduct made that procedure the only possible way in which the trial could be continued. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BRADSHAW, Also Known as LARRY MULLENS, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered November 26, 1975, convicting him of criminally selling a dangerous drug in the third degree (three counts) and criminal possession of a dangerous drug in the fourth degree (three counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The following errors were committed at defendant's trial: (1) Evidence of defendant's flight was admitted without a proper foundation showing a possible motive for such flight having been made (see *People v Kreichman,* 37 NY2d 693; Richardson, Evidence [Prince, 10th ed], § 167, p 135). (2) The prosecutrix, in her summation, referred to a fact not in evidence which had the incidental effect of circumventing the court's ruling at the *Huntley* hearing (see *People v Ashwal,* 39 NY2d 105; cf. *People v Riservato,* 51 AD2d 561). (3) A nonexemplified copy of an out-of-State motor vehicle registration was admitted into evidence. That served to circumstantially connect defendant to the vehicle from which he allegedly sold the drugs to the police (see CPLR 4540, subd [c]). Under the circumstances, we cannot say that the untainted evidence is "so logically compelling and therefore forceful in [this] particular case as to lead the appellate court to the conclusion that 'a jury composed of honest, well-intentioned, and reasonable men and women' on consideration of such evidence would almost certainly have convicted the defendant" (see *People v Crimmins,* 36 NY2d 230, 241–242). Accordingly, a new trial is mandated. Hopkins, Acting P. J., Cohalan, Damiani and Hawkins, JJ., concur.