■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS MARTIN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered May 21, 1981, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered. No questions of fact have been raised or considered.

At defendant's trial for burglary in the second degree, the prosecutor, in his opening statement, referred to an admission made by defendant upon his arrest. The statement, taken while defendant was in custody and without the benefit of *Miranda* warnings, had been suppressed after a *Huntley* hearing.

Defendant's motion for a mistrial should have been granted. Reference to the suppressed statement cannot be considered harmless error. The test for harmless constitutional error is that there is "no reasonable possibility that the error might have contributed to defendant's conviction" (*People v Crimmins,* 36 NY2d 230, 237). It cannot be said on the record before us that the reference to the statement, which, at trial, defendant denied making, did not contribute to his conviction. Accordingly, a new trial is mandated (cf. *People v Bradshaw,* 56 AD2d 657). Titone, J. P., Lazer, Bracken and Boyers, JJ., concur.