■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GEORGE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Bambrick, J.), rendered July 8, 1983, convicting him of assault in the first degree (three counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed and case remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The testimony of the People's witnesses portrayed the defendant as having inflicted severe and multiple wounds on the complainant's back, buttocks and legs, by stabbing her repeatedly with a butcher knife as the complainant was lying face down on the floor. Defendant's testimony was that there was a struggle over the knife, during which the complainant was cut on her arm and leg.

The nature of the wounds and the manner of their infliction were factual questions to be resolved by the jury. The prosecutor's description of the wounds in his opening statement was an accurate account of what the People intended to prove, and we find no merit to defendant's claim he was deprived of a fair trial because the description was inflammatory. No objection was made to the prosecutor's summation. Thus, defendant's claim that he was prejudiced by the vivid description of the attack is not preserved for review (CPL 470.05 [2]) and, in any event, the summation was a fair comment on the evidence. There is no merit to defendant's claim that the trial court abused its discretion in admitting into evidence the ripped, bloodstained nightgown worn by the complainant during the attack. The fact that the location of the rips in the nightgown corresponded to the complainant's account of where she was injured was probative on the issue of the location of the wounds and the manner in which the complainant was injured (*People v Pobliner,* 32 NY2d 356, 369, *cert denied* 416 US 905).

We have considered defendant's other contention and find it to be without merit. Weinstein, J. P., Brown, Niehoff and Lawrence, JJ., concur.