■ The People of the State of New York, Respondent, v Steven Smith, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered May 2, 1984, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant was found guilty of fatally shooting Arthur Zampino with a sawed-off shotgun on the evening of June 22, 1983, in the Rockaway section of Queens. The incident happened in the presence of several members of the deceased's family. Eyewitness Richard Pagan positively identified the defendant as the man who shot Arthur Zampino. Pagan had observed the defendant arrive at the area where the incident occurred, carrying something which appeared to be a fishing pole, but which, in reality, was a shotgun contained within a rolled-up tube, and sit down on a park bench right next to him. Approximately 20 minutes to a half hour later, a young man later identified as Arthur Zampino walked by. As Zampino approached, the defendant rose and fired a shot at him. The defendant thereupon dropped a piece of oaktag which he had been carrying and walked off in the direction of some handball courts. The lighting conditions were very good inasmuch as the incident had taken place directly beneath a street lamp.

After being stunned for a moment or two, Pagan pursued the defendant across a parking lot and into a vacant lot across the street. At this point, a police officer was holding the defendant at gunpoint until reinforcement officers arrived. Pagan observed the police place the defendant under arrest and remove a shotgun shell from his person. The shotgun was recovered in the lot where the defendant was apprehended.

The arresting officer testified that he had never lost sight of the defendant from the time he first saw him running with a sawed-off shotgun, until the time of the arrest, an interval of approximately five minutes. When the defendant entered the vacant lot, the shotgun was obscured from the officer's view by the high grass growing there. When the defendant held up his hands, which were covered with black racing gloves, he was

not holding the shotgun. The weapon was recovered in the lot where the defendant was apprehended by a member of the police backup team approximately 10 or 15 feet from where the defendant was standing.

In the course of the People's opening statement, the prosecutor made reference to "a prior incident between Arthur Zampino and the defendant, Steven Smith", and to a brief conversation between the defendant and the arresting officer at the conclusion of the chase. In response to the officer's inquiry regarding the whereabouts of the gun, the defendant stated that he had dropped the gun and didn't know where it was. The defendant maintains that these remarks unduly prejudiced him inasmuch as no evidence was elicited during the People's case regarding a prior incident between himself and the deceased, and because his statement with respect to the gun had previously been suppressed following a *Huntley* hearing. In view of the overwhelming evidence of guilt, we reject the defendant's contentions.

With regard to the prosecutor's failure to produce a witness who would testify with respect to the prior incident between Arthur Zampino and the defendant, which the prosecutor had referred to in his opening statement, the Court of Appeals has set forth the general rule that, absent bad faith or undue prejudice, a trial will not be undone *(see, People v De Tore,* 34 NY2d 199, 207, *cert denied sub nom. Wedra v New York,* 419 US 1025; *see also, People v Cruz,* 100 AD2d 882, 883). Neither bad faith nor undue prejudice is present here. In the instant case, the comment to which an objection was taken neither revealed the details of the prior incident nor contained the name of the witness who would give the testimony. The comment could merely have served to supply the jurors with the People's view as to the defendant's possible motive. In view of the direct evidence which amply established the defendant's guilt, proof of motive was not necessary, with the result that the alleged error was clearly harmless.

Nor did the prosecutor's reference to the defendant's statement, which had been suppressed by the hearing court upon reconsideration, unduly prejudice the defendant. The defense counsel's failure to move for a mistrial or to request curative instructions at the time the prosecutor made the objectionable statement or immediately following his opening remarks renders the subsequent motion, for a mistrial untimely *(see, People v De Mauro,* 48 NY2d 892). Without passing upon the propriety of the suppression order, we find that the evidence in the instant case was so compelling that any reference to

the subject statement did not contribute to the defendant's conviction *(cf. People v Martin,* 104 AD2d 1053).

We have considered the defendant's remaining contentions and find them to be without merit. Weinstein, J. P., Niehoff, Kunzeman and Spatt, JJ., concur.