■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY L. SAMPSON, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of two counts of murder in the second degree, defendant contends that he was improperly convicted of both intentional and felony murder and that the counts should have been submitted to the jury in the alternative. Unlike the situation in *People v Gallagher* (69 NY2d 525), relied upon by defendant, there is no inconsistency between a conviction for intentional murder and one for felony murder, since no culpable mental state is essential to conviction for the latter (Penal Law § 125.25 [1], [3]). These are noninclusory concurrent counts which the court need not submit in the alternative (CPL 300.30 [3], [4]; 300.40 [3] [a]). Defendant was validly convicted for both because it is possible to kill another intentionally and also kill that person during the course of an enumerated felony *(see, e.g., People v Berzups,* 49 NY2d 417, 422). In any event, defendant has failed to preserve his contention for our review because he neither requested submission of those counts as alternative counts *(People v Gallagher, supra)* nor objected to the verdict on the ground that it was inconsistent or repugnant *(see, People v Alfaro,* 66 NY2d 985; *People v Satloff,* 56 NY2d 745).

Defendant contends that the evidence established only that the victim was killed during an attempted larceny and was thus insufficient to support a conviction for felony murder. The proof, viewed in the light most favorable to the prosecution, established that the victim was killed during defendant's attempt to steal her car. Since attempting to steal the victim's car by use of force constitutes attempted robbery, the evidence was sufficient to convict defendant of felony murder *(see,* Penal Law § 125.25 [3]).

Defendant also claims that the People were erroneously permitted to impeach their own witness with his Grand Jury testimony. The People called defendant's uncle, Carl Randall, who had testified before the Grand Jury that defendant had admitted stabbing the victim and had claimed to have acted

alone. When questioned on direct examination concerning defendant's admissions, Randall stated that he couldn't remember the conversation and didn't recall his Grand Jury testimony. The People then were permitted to impeach him by using his Grand Jury testimony. That was error. Randall's trial testimony did not "tend to disprove the position" of the prosecution (CPL 60.35) nor affirmatively damage the People's case (see, People v Fitzpatrick, 40 NY2d 44, 50-51). Nevertheless, in view of the compelling evidence against defendant, we conclude that there is no significant probability that, if it were not for the error, the jury would have acquitted the defendant (see, People v Crimmins, 36 NY2d 230, 241-242).

Finally, we see no basis for disturbing the sentencing court's imposition of concurrent terms of 25 years to life. (Appeal from judgment of Supreme Court, Monroe County, Kennedy, J.—murder, second degree.) Present—Dillon, P. J., Denman, Pine, Lawton and Davis, JJ.