■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTWAND WHITE, Appellant. [595 NYS2d 70] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered May 9, 1990, convicting him of murder in the second degree and criminal possession of weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence adduced at the trial was legally insufficient to establish that he was guilty of murder in the second degree pursuant to Penal Law § 125.25 (2) is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution, we find that it established the defendant's guilt beyond a reasonable doubt. The circumstances of the crime, to wit, the defendant stabbing an unarmed woman with a fold-out knife containing an approximately 4½ inch-long blade during a heated argument over a drug-related debt was legally sufficient to establish the defendant's mens rea *(see, People v Contes,* 60 NY2d 620; *People v Sosa,* 181 AD2d 532). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

In view of the defendant's failure to raise an objection to that portion of the trial court's charge which submitted the two counts of murder pursuant to Penal Law § 125.25 (1) and (2) along with the lesser-included offenses of manslaughter in the first degree and manslaughter in the second degree, re-

spectively, the defendant's contention that the trial court failed to properly instruct the jury regarding the submission of inconsistent murder counts is similarly unpreserved for appellate review (see, CPL 470.05 [2]; *People v Smith,* 144 AD2d 505). In any event, in light of the court's charge, which instructed the jury to consider both the murder counts and, thereafter, the lesser-included offenses in the alternative, and the single-count verdict the jury ultimately rendered, this contention is without merit (see, CPL 300.40 [5]; *People v Gallagher,* 69 NY2d 525; *People v Doyle,* 163 AD2d 487).

The defendant's contention that the sentence imposed was unduly excessive is without merit (see, *People v Suitte,* 90 AD2d 80; see also, *People v Magee,* 116 AD2d 742; cf., *People v Diaz,* 118 AD2d 651). Bracken, J. P., Balletta, O'Brien and Ritter, JJ., concur.