■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BASHEER HAMEED, Also Known as JAMES DIXON YORK, and ABDUL MAJID, Also Known as ANTHONY LABORDE, Appellants. [622 NYS2d 811] —Appeal by the defendants from two judgments (one as to each of them) of the Supreme Court, Queens County (Gallagher, J.), both rendered July 2, 1986, convicting each of them of murder in the second degree, upon jury verdicts, and imposing sentences. By decision and order of this Court, dated May 18, 1992, the matter was remitted to the Supreme Court, Queens County, to hear and report on the prosecutor's exercise of peremptory challenges, and the appeal was held in abeyance in the interim *(see, People v Hameed,* 183 AD2d 847).

The Supreme Court, Queens County, has conducted a hearing and submitted its report to this Court.

Ordered that the judgments are affirmed.

After a full *Batson* hearing, the Supreme Court concluded that the "defendants' prima facie case of purposeful discrimination in jury selection was sufficiently rebutted by the prosecutor's explanations as to why he peremptorily challenged the potential black jurors at issue", and that "the prosecutor has sufficiently rebutted the defendant's prima facie showing of discriminatory intent by proffering non-pretectual *[sic]* race-neutral reasons for his exercise of peremptory challenges as to the jurors at issue". It is well settled that resolution of this issue by the trial court is entitled to great deference *(see, People v Hernandez,* 75 NY2d 350, *affd* 500 US 352; *People v Mondello,* 191 AD2d 462; *People v Green,* 181 AD2d 693), and we find no basis, on this record, to interfere with the trial court's determination *(see, People v Mondello, supra; People v Jones,* 204 AD2d 485).

We have examined the defendants' remaining argument and find it to be without merit *(see, People v Hernandez, supra,* at 357; *see, United States v Clemons,* 941 F2d 321, 323-324). Mangano, P. J., Sullivan, Thompson and Ritter, JJ., concur.