■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK MELFA, Appellant. [665 NYS2d 780] —Judgment unanimously affirmed. Memorandum: Defendant was convicted after a bench trial of rape in the first degree (Penal Law § 130.35 [3]), sodomy in the first degree (Penal Law § 130.50 [3]) and

endangering the welfare of a child (Penal Law § 260.10), in connection with the sexual assault of a four-year-old girl. The contentions of defendant concerning his waiver of a jury trial have not been preserved for our review (*see,* CPL 470.05 [2]; *People v Tamarez*, 213 AD2d 261, 262, *lv denied* 85 NY2d 981), and we decline to exercise our power to address them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We reject the contention of defendant that he was denied the right to fair notice of the charges against him. The indictment charged that the crimes took place "on or about or between June, 1988 through August 20, 1988". That time frame was sufficiently specific to allow defendant to prepare a defense that the victim never visited his home that summer (*see, People v Keindl*, 68 NY2d 410, 419, *rearg denied* 69 NY2d 823). The prosecutor was unable to specify a more precise date because of the age of the victim and her reluctance to talk about the incident, which was not reported until March 1990. Any variance between the time frame specified in the indictment and the trial testimony that the crime occurred in the "summer of 1988" was immaterial in light of the defense presented (*cf., People v Bigda*, 184 AD2d 993). At the time of trial, the victim was seven years old and understood the nature of an oath. Thus, Supreme Court did not abuse its discretion in permitting her to testify under oath (*see, People v Shavers*, 205 AD2d 395, *lv denied* 84 NY2d 939). Viewing the evidence in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620), we conclude that it is legally sufficient to establish defendant's guilt beyond a reasonable doubt (*see, People v Bleakley*, 69 NY2d 490, 495). We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.— Rape, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Callahan and Doerr, JJ.