THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCELLE D. SMITH, Appellant. [709 NYS2d 793] —Judgment

unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts each of murder in the second degree (Penal Law § 125.25 [2], [3]) and robbery in the first degree (Penal Law § 160.15 [1], [3]) and one count of criminal possession of a weapon in the fourth degree (Penal Law § 265.01). Defendant contends that County Court erred in rejecting his *Batson* claim regarding the prosecutor's exercise of a peremptory challenge. We disagree. The prosecutor proffered a race-neutral explanation for the dismissal of that prospective juror, i.e., that the prospective juror had difficulty hearing and understanding questions and the prosecutor could not understand what he was saying (*see, People v Wint*, 237 AD2d 195, 196, *lv denied* 89 NY2d 1103). Although defendant contended that the explanation of the prosecutor was pretextual because he did not exercise a peremptory challenge with respect to another prospective juror who demonstrated difficulty in understanding questions, uneven application of a proffered race-neutral explanation is merely one factor to consider in assessing whether the prosecutor impermissibly discriminated in the exercise of peremptory challenges (*see, People v Allen*, 86 NY2d 101, 110-111). The court's resolution of that issue is entitled to great deference (*see, People v Hameed*, 212 AD2d 728, 729, *affd* 88 NY2d 232, *cert denied* 519 US 1065), and we perceive no basis in this record to disturb the court's determination that the prosecutor's explanation was not pretextual.

The court did not err in denying defendant's motion for a mistrial based upon an alleged failure to produce *Brady* material. The prior statement to the prosecutor was not exculpatory in nature and thus does not constitute *Brady* material (*see, People v Pepe*, 259 AD2d 949, *lv denied* 93 NY2d 1024).

We reject the contention of defendant that the court erred in denying his motion to suppress statements he made to the police. In determining whether defendant requested to speak with counsel or his mother or was so intoxicated that his statements were involuntarily made, the court resolved credibility issues, and there is no basis in the record to disturb the court's resolution of those issues (*see, People v Prochilo*, 41 NY2d 759, 761).

We conclude that the sentence is not unduly harsh or severe. (Appeal from Judgment of Onondaga County Court, Fahey, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt and Scudder, JJ.