■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HALL, Appellant. [764 NYS2d 700] —Judgment, Supreme Court, Bronx County (William Donnino, J.), rendered February 7, 2000, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him, as a persistent felony offender, to concurrent terms of 25 years to life and 16 years to life on the murder and second-degree weapon possession conviction, consecutive to a term of 12 years to life on the third-degree weapon possession conviction, unanimously affirmed.

Viewing the evidence in the light most favorable to the People, the jury's verdict was based on legally sufficient evidence. Furthermore, the verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility. The evidence warrants the conclusion that when defendant pointed a revolver in the direction of the victim from a distance of six feet or more and pulled the trigger, striking and killing him, he committed the crime of depraved indifference murder (see People v Sanchez, 98 NY2d 373 [2002]; compare People v Hafeez, 100 NY2d 253 [2003]).

The court properly exercised its discretion in admitting evidence concerning persons who visited defendant while he was incarcerated while awaiting trial, notwithstanding that such evidence revealed the fact of defendant's incarceration to the jury (see People v Alvino, 71 NY2d 233 [1987]). The evidence was highly relevant since, inter alia, it explained the relationship between those people and defendant, and thereby rebutted defendant's argument that the prosecutor should have called those people as witnesses and was presenting an incomplete version of the events. The court's limiting instruction minimized any prejudicial effect.

The court lawfully imposed a consecutive sentence for the third-degree weapon possession conviction. The evidence established that the third-degree weapon possession was a separate act that was completed prior to the murder (see People v Salcedo, 92 NY2d 1019, 1022 [1998]). We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Andrias, J.P., Saxe, Sullivan, Rosenberger and Marlow, JJ.