■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELL DANIELS, Appellant. [826 NYS2d 896]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Adler, J.), rendered June 13, 2002,

convicting him of murder in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record supports the hearing court's conclusion that he was not in custody when he made certain statements to detectives (*see People v Centaro*, 76 NY2d 837, 838 [1990]; *People v Rodney P. [Anonymous]*, 21 NY2d 1, 10-11 [1967]), and hence, did not need to be read his *Miranda* warnings (*see Miranda v Arizona*, 384 US 436, 444-445 [1966]) during the interviews (*see Matter of Rennette B.*, 281 AD2d 78, 82 [2001]). Moreover, the record supports the hearing court's determination that when the defendant was subsequently in custody at a police station, and made certain other statements to the detectives, he voluntarily made those statements after being advised of, and knowingly, voluntarily, and intelligently waiving, his *Miranda* rights (*see People v Phillips*, 30 AD3d 620, 621 [2006]; *People v Tissiera*, 22 AD3d 611, 612 [2005]; *People v Myers*, 17 AD3d 699, 700 [2005]). In addition, the record does not support the defendant's assertion that those statements were obtained in violation of his right to counsel (*see People v Kinchen*, 60 NY2d 772, 774 [1983]; *People v Carreras*, 133 AD2d 643, 643-644 [1987]; *see also People v Medina*, 76 NY2d 331, 349-350 [1990]). Under these circumstances, the hearing court correctly declined to suppress the defendant's statements to the detectives.

The defendant's contentions with respect to certain comments that the prosecutor made on his opening statement are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Arroyo*, 309 AD2d 870, 871 [2003]) and, in any event, are without merit (*see People v Smith*, 121 AD2d 754, 755 [1986]; *People v George*, 108 AD2d 870, 871 [1985]).

The defendant's contention that the evidence was legally insufficient to support the convictions stemming from the homicide of one of the two victims is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Cooper*, 86 NY2d 10, 19-20). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), the jury verdict convicting the defendant of both felony murder (*see* Penal Law § 125.25 [3]) and intentional murder (*see* Penal Law § 125.25 [1]) based on that homicide is supported by legally sufficient evidence (*see People v Jackson*, 20 NY2d 440, 450-451 [1967], *cert denied* 391 US 928 [1968]; *People v Leonti*, 18 NY2d

384, 391-392 [1966], *cert denied* 389 US 1007 [1967]; *People v Wade*, 146 AD2d 589, 590 [1989]; *People v Sampson*, 145 AD2d 910 [1988]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see* CPL 470.15 [5]).

Viewing the totality of the evidence, the law, and the circumstances of this case, the defendant was not deprived of his right to the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Schmidt, J.P., Ritter, Lunn and Covello, JJ., concur.