THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID FRANKS, Appellant. [825 NYS2d 872]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered December 14, 2005. The judgment convicted defendant, upon a jury verdict, of rape in the first degree (three counts), rape in the second degree (two counts), sexual abuse in the second degree, incest (four counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, three counts of rape in the first degree (Penal Law § 130.35 [1], [4]) and two counts of rape in the second degree (§ 130.30 [1]). Defendant contends that he was deprived of the right to fair notice of the charges against him because the dates on which the offenses allegedly occurred were overbroad. We reject that contention. In view of the age of the victim and the date on which she reported the crimes, we conclude that the one-month and two-month periods specified in the indictment provided defendant with adequate notice of the charges against him to enable him to prepare a defense (*see People v Morris*, 61 NY2d 290, 293-294 [1984]; *People v Humphrey*, 30 AD3d 766, 766-767 [2006], *lv denied* 7 NY3d 813 [2006]; *People v Case*, 29 AD3d 706, 706-707 [2006], *lv denied* 7 NY3d 786 [2006]; *People v Melfa*, 244 AD2d 857, 858 [1997], *lv denied* 91 NY2d 895 [1998]).

We reject defendant's further contention that County Court erred in admitting in evidence an audiotape of a tape-recorded conversation between defendant and the victim. The victim testified that the audiotape was a complete and accurate recording of the conversation, and thus the People presented the requisite " 'clear and convincing evidence' establishing 'that the offered evidence is genuine and that there has been no tampering with it' " (*People v Ely*, 68 NY2d 520, 527 [1986]; *see People v Bell*, 5 AD3d 858, 861-862 [2004]; *People v Stewart*, 210 AD2d

938 [1994], *lv denied* 85 NY2d 943 [1995]). Finally, defendant failed to preserve for our review his contention that he was denied a fair trial on the ground that the court failed to address the issue of the victim's hostility toward defense counsel by, e.g., instructing the victim to refrain from making certain remarks (*see* CPL 470.05 [2]), and that contention is without merit in any event. Present—Scudder, P.J., Martoche, Centra and Pine, JJ.