THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN MANOR, Appellant. [832 NYS2d 341]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered November 13, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by directing that the sentence imposed for criminal possession of a weapon in the second degree shall run concurrently with the sentence imposed for murder in the second degree and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (former § 265.03 [2]), and two counts of criminal possession of a weapon in the third degree (§ 265.02 [4], [7]). Contrary to defendant's contention, Supreme Court did not err in admitting in evidence recordings of telephone calls made by defendant from jail, nor did it err in admitting in evidence computer records of the dates, times, durations, and target numbers of those telephone calls. The People established by clear and convincing evidence the circumstances under which the voice recordings were generated and obtained, and they established that the voice recordings were genuine and in an unchanged condition (*see People v Ely*, 68 NY2d 520, 527-528 [1986]; *People v Connelly*, 35 NY2d 171, 174 [1974]; *People v Franks*, 35 AD3d 1286 [2006]; *People v Bell*, 5 AD3d 858, 861-862 [2004]). In addition, a police investigator sufficiently identified the voices heard therein (*see People v Williams*, 281 AD2d 933 [2001], *lv denied* 96 NY2d 869 [2001]; *People v Fuschino*, 278 AD2d 657, 659 [2000], *lv denied* 96 NY2d 800 [2001]; *see generally Ely*, 68 NY2d at 527-528). We further conclude that the People established the necessary foundation for the admission of the computer records as business records by establishing that their contents were recorded contemporaneously with the events in the regular course of the business of the telephone service provider (*see* CPLR 4518 [a]; *People v Cratsley*, 86 NY2d 81, 89-91 [1995]; *People v Kennedy*, 68 NY2d 569, 575-578 [1986]).

Also contrary to the contention of defendant, the court properly refused to allow his aunt to testify that his cousin had admitted to shooting the victim. "There was insufficient evidence to assure the trustworthiness and reliability" of the declaration to warrant its admission as a declaration against penal

interest (*People v Fowler*, 31 AD3d 784, 785 [2006], *lv denied* 7 NY3d 867 [2006]; *see People v Wallace*, 270 AD2d 823, 824 [2000], *lv denied* 95 NY2d 806 [2000]; *see generally People v Brensic*, 70 NY2d 9, 14-16 [1987], *mot to amend remittitur granted* 70 NY2d 722 [1987]; *People v Settles*, 46 NY2d 154, 167 [1978]).

We agree with defendant that the sentence imposed for criminal possession of a weapon in the second degree must run concurrently with the sentence imposed for murder in the second degree, and we therefore modify the judgment accordingly. Given the element of intent to use the weapon unlawfully against another and the lack of any evidence that defendant intended to use his weapon unlawfully against another apart from its use in the shooting, the crimes of criminal possession of a weapon in the second degree and murder must be regarded as a "single act or omission" (Penal Law § 70.25 [2]; *see People v Hamilton*, 4 NY3d 654, 657-658 [2005]; *People v Boyer*, 31 AD3d 1136, 1139 [2006], *lv denied* 7 NY3d 865 [2006]; *People v Rudolph*, 16 AD3d 1151, 1152-1153 [2005], *lv denied* 5 NY3d 809 [2005]; *cf. People v Salcedo*, 92 NY2d 1019, 1021-1022 [1998]). We further conclude, however, that the sentences imposed for criminal possession of a weapon in the third degree, which crimes were completed prior to the shooting, may run consecutively to the sentence imposed for murder in the second degree (*see People v Hall*, 309 AD2d 511 [2003], *lv denied* 1 NY3d 572 [2003], 3 NY3d 641 [2003]; *People v Willson*, 272 AD2d 959, 960 [2000], *lv denied* 95 NY2d 873 [2000]; *People v Peterson*, 216 AD2d 32 [1995], *lv denied* 86 NY2d 800 [1995]; *People v Simpson*, 209 AD2d 281, 282 [1994]; *see generally Salcedo*, 92 NY2d at 1021-1022). The sentence, as so modified, is not unduly harsh or severe.

With respect to the contentions of defendant in his pro se supplemental brief, we conclude that the conviction is supported by legally sufficient evidence and that the verdict is not against the weight of the evidence on the issue of defendant's homicidal intent (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]); that the court did not err in charging the jury or in composing the verdict sheet; and that defendant was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Green, JJ.