■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUNDABIRA O. OJO, Appellant. [842 NYS2d 648]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered March 27, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the first degree (two counts), murder in the second degree (two counts), assault in the first degree (two counts) and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing those parts convicting defendant of murder in the second degree and dismissing counts four and five of the indictment and by directing that the sentence imposed for murder in the first degree under count one of the indictment shall run concurrently with the sentences imposed on counts two and eight of the indictment and that the sentences imposed for murder in the first degree and assault in the first degree under counts two and seven of the indictment, respectively, shall run concurrently with the sentence imposed on count eight of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]; [b]), murder in the second degree (§ 125.25 [1]) and assault in the first degree (§ 120.10 [1]) and one count of criminal possession of a weapon in the fourth degree (§ 265.01 [2]). Defendant failed to preserve for our review his challenges to the legal sufficiency of the evidence (*see generally People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]) and, contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to the contention of defendant, County Court properly refused to suppress the statements he made at the police station before he was accompanied to the restroom by a police officer. The record of the suppression hearing establishes that defendant was not in custody prior to that time (*see People v Smith*, 214 AD2d 845, 847 [1995], *lv denied* 86 NY2d 741 [1995]; *People v Spellman*, 168 AD2d 318, 319 [1990], *lv denied*

77 NY2d 1001 [1991]), and it further establishes that he had not unequivocally invoked his right to counsel (*see People v D'Eredita*, 302 AD2d 925 [2003], *lv denied* 99 NY2d 654 [2003]). We note that defendant improperly relies on trial testimony in challenging the court's suppression ruling (*see People v Crosby*, 33 AD3d 719, 720 [2006], *lv denied* 8 NY3d 845 [2007]).

Defendant failed to preserve for our review his further contention that he was arrested without probable cause (*see People v Barton*, 13 AD3d 721, 723 [2004], *lv denied* 5 NY3d 785 [2005]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contentions, the court properly exercised its discretion in admitting in evidence testimony concerning defendant's prior assaultive acts and threats against one of the victims (*see People v Bierenbaum*, 301 AD2d 119, 149-150 [2002], *lv denied* 99 NY2d 626 [2003], *cert denied* 540 US 821 [2003]; *People v Linton*, 166 AD2d 670, 671 [1990], *lv denied* 77 NY2d 879 [1991]), photographs of the crime scene (*see generally People v Williams*, 28 AD3d 1059, 1060 [2006], *affd* 8 NY3d 854 [2007]), and a convenience store video showing defendant's appearance and location on the night of the murders (*see generally People v Mateo*, 2 NY3d 383, 424-425 [2004], *cert denied* 542 US 946 [2004]).

Modification of the judgment is required, however, because counts four and five, charging murder in the second degree, are inclusory concurrent counts of the counts charging murder in the first degree (*see* CPL 300.40 [3] [b]; *People v Jackson*, 41 AD3d 1268, 1270 [2007]; *People v Pierre*, 37 AD3d 1172 [2007], *lv denied* 8 NY3d 989 [2007]). We therefore modify the judgment by reversing those parts convicting defendant of murder in the second degree and dismissing counts four and five of the indictment. In addition, we conclude that the court erred in directing that the sentence of life imprisonment without parole imposed for murder in the first degree under count one shall run consecutively to the sentences imposed for murder in the first degree and criminal possession of a weapon in the fourth degree under counts two and eight, respectively (*see People v Rosas*, 8 NY3d 493, 498 [2007]; *Jackson*, 41 AD3d at 1270; *People v Manor*, 38 AD3d 1257, 1259 [2007], *lv denied* 9 NY3d 847 [2007]). The court also erred in directing that the sentences imposed for murder in the first degree and assault in the first degree under counts two and seven, respectively, shall run consecutively to the sentence imposed on count eight (*see Manor*, 38 AD3d at 1259). We therefore further modify the judgment accordingly. The sentence, as so modified, is not unduly harsh

or severe. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Green, JJ.