THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO O. TORRES, Appellant. [855 NYS2d 804]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered August 16, 2004. The judgment convicted defendant upon a jury verdict of, inter alia, attempted assault in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by directing that the sentence imposed on the count of criminal possession of a weapon in the second degree shall run concurrently with the sentences imposed on each count of attempted assault in the second degree and attempted aggravated assault upon a police officer or a peace officer and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts each of at-

tempted assault in the second degree (Penal Law §§ 110.00, 120.05 [1]) and attempted aggravated assault upon a police officer or a peace officer (§§ 110.00, 120.11), and one count of criminal possession of a weapon in the second degree (former § 265.03 [2]). Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Danielson*, 9 NY3d 342, 348-349 [2007]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). We agree with defendant, however, that County Court erred in directing that the sentence imposed on the count of criminal possession of a weapon shall run consecutively to the sentence imposed on each count of attempted assault and attempted aggravated assault. There is no evidence that defendant "possessed the pistol with a purpose unrelated to his intent to shoot [the officers]" (*People v Hamilton*, 4 NY3d 654, 658 [2005]), and thus the sentence imposed on the count of criminal possession of a weapon in the second degree must run concurrently with the sentences imposed on those counts (*see People v Manor*, 38 AD3d 1257, 1259 [2007], *lv denied* 9 NY3d 847 [2007]; *People v Boyer*, 31 AD3d 1136, 1139 [2006], *lv denied* 7 NY3d 865 [2006]). We therefore modify the judgment accordingly. The sentence, as modified, is not unduly harsh or severe. Present—Martoche, J.P., Centra, Lunn, Fahey and Gorski, JJ.