# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1163**
**KA 14-01677**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                       MEMORANDUM AND ORDER

CRYSTAL BEASLEY, DEFENDANT-APPELLANT.

---

SESSLER LAW PC, GENESEO (STEVEN D. SESSLER OF COUNSEL), FOR
DEFENDANT-APPELLANT.

CRYSTAL BEASLEY, DEFENDANT-APPELLANT PRO SE.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Robert B.
Wiggins, J.), rendered June 10, 2014. The judgment convicted
defendant, upon a jury verdict, of assault in the first degree and
criminal possession of a weapon in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: On appeal from a judgment convicting her following a
jury trial of assault in the first degree (Penal Law § 120.10 [1]) and
criminal possession of a weapon in the fourth degree (§ 265.01 [2]),
defendant contends that County Court violated CPL 300.10 (4) and
300.40 in its instructions to the jury with respect to the order in
which the jury should consider the offenses charged in the indictment
and the lesser included offense. By failing to object to the court's
charge, defendant failed to preserve her contention for our review
(*see People v White*, 191 AD2d 604, 604-605, *lv denied* 81 NY2d 1082;
*People v Sampson*, 145 AD2d 910, 910, *lv denied* 73 NY2d 982), and we
decline to exercise our power to review that contention as a matter of
discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

In her pro se supplemental brief, defendant contends that the
court erred in refusing to suppress her statements to the police. We
reject that contention. Although defendant contends that she
requested an attorney before she made oral statements to the police,
the only witness to testify at the suppression hearing testified that
defendant did not request an attorney until after she made the oral
statements and refused to sign a written statement. The court's
determination to credit that testimony should not be disturbed (*see
People v Smith*, 273 AD2d 896, 897, *lv denied* 95 NY2d 938; *see*

*generally People v Prochilo*, 41 NY2d 759, 761).  With respect to her contention that her statements were not knowingly, voluntarily or intelligently made due to her alleged intoxication, "[w]e note that defendant improperly relies on trial testimony in challenging the court's suppression ruling" (*People v Ojo*, 43 AD3d 1367, 1368, *lv denied* 10 NY3d 769, *reconsideration denied* 11 NY3d 792; *see People v Cooper*, 59 AD3d 1052, 1054, *lv denied* 12 NY3d 852).  There was no evidence at the suppression hearing that, at the time defendant spoke to the police, she " 'was intoxicated to the degree of mania, or of being unable to understand the meaning of [her] statements' " (*People v Schompert*, 19 NY2d 300, 305, *cert denied* 389 US 874; *see People v Lake*, 45 AD3d 1409, 1410, *lv denied* 10 NY3d 767).

Defendant further contends in her pro se supplemental brief that the court erred in admitting in evidence recordings of 911 calls made by her on the night of the crimes.  Even assuming, arguendo, that the court improperly admitted those recordings in evidence, we conclude that any such error is harmless inasmuch as the proof of defendant's guilt is overwhelming, and there is no significant probability that the jury would have acquitted defendant had that evidence not been introduced (*see People v Spencer*, 96 AD3d 1552, 1553, *lv denied* 19 NY3d 1029, *reconsideration denied* 20 NY3d 989; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

Finally, defendant contends in her pro se supplemental brief that the verdict is against the weight of the evidence and that she was denied effective assistance of counsel.  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  With respect to her contention that defense counsel was ineffective for failing to request a jury instruction on intoxication, we note that "[a]n intoxication charge is warranted if, viewing the evidence in the light most favorable to the defendant, 'there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis' " (*People v Sirico*, 17 NY3d 744, 745; *see People v Gaines*, 83 NY2d 925, 927).  We cannot determine on this record whether defendant was intoxicated to a degree such that an intoxication charge was warranted, or whether defense counsel had a "strategic explanation for the failure . . . to request the charge" (*People v Miller*, 122 AD3d 1369, 1370, *lv denied* 25 NY3d 952).  We therefore conclude that defendant's claim of ineffective assistance of counsel is based on matters outside the record and must be raised by way of a motion pursuant to CPL 440.10 (*see generally People v Graham*, 125 AD3d 1496, 1496, *lv denied* 26 NY3d 1008).

We have reviewed defendant's remaining claims of ineffective assistance of counsel and conclude that they lack merit.


Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court