Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered June 10, 2014. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the fourth degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her following a jury trial of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the fourth degree (§ 265.01 [2]), defendant contends that County Court violated CPL 300.10 (4) and 300.40 in its instructions to the jury with respect to the order in which the jury should consider the offenses charged in the indictment and the lesser included offense. By failing to object to the court’s charge, defendant failed to preserve her contention for our review (see People v White, 191 AD2d 604, 604-605 [1993], lv denied 81 NY2d 1082 [1993]; People v Sampson, 145 AD2d 910, 910 [1988], lv denied 73 NY2d 982 [1989]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
In her pro se supplemental brief, defendant contends that the court erred in refusing to suppress her statements to the police. We reject that contention. Although defendant contends that she requested an attorney before she made oral statements to the police, the only witness to testify at the suppression hearing testified that defendant did not request an attorney until after she made the oral statements and refused to sign a written statement. The court’s determination to credit that testimony should not be disturbed (see People v Smith, 273 AD2d 896, 897 [2000], lv denied 95 NY2d 938 [2000]; see generally People v Prochilo, 41 NY2d 759, 761 [1977]). With respect to her contention that her statements were not knowingly, voluntarily or intelligently made due to her alleged intoxication, “[w]e note that defendant improperly relies on trial testimony in challenging the court’s suppression ruling” (People v Ojo, 43 AD3d 1367, 1368 [2007], lv denied 10 NY3d *1550 769 [2008], reconsideration denied 11 NY3d 792 [2008]; see People v Cooper, 59 AD3d 1052, 1054 [2009], lv denied 12 NY3d 852 [2009]). There was no evidence at the suppression hearing that, at the time defendant spoke to the police, she “ ‘was intoxicated to the degree of mania, or of being unable to understand the meaning of [her] statements’ ” (People v Schompert, 19 NY2d 300, 305 [1967], cert denied 389 US 874 [1967]; see People v Lake, 45 AD3d 1409, 1410 [2007], lv denied 10 NY3d 767 [2008]).
Defendant further contends in her pro se supplemental brief that the court erred in admitting in evidence recordings of 911 calls made by her on the night of the crimes. Even assuming, arguendo, that the court improperly admitted those recordings in evidence, we conclude that any such error is harmless inasmuch as the proof of defendant’s guilt is overwhelming, and there is no significant probability that the jury would have acquitted defendant had that evidence not been introduced (see People v Spencer, 96 AD3d 1552, 1553 [2012], lv denied 19 NY3d 1029 [2012], reconsideration denied 20 NY3d 989 [2012]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Finally, defendant contends in her pro se supplemental brief that the verdict is against the weight of the evidence and that she was denied effective assistance of counsel. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). With respect to her contention that defense counsel was ineffective for failing to request a jury instruction on intoxication, we note that “[a]n intoxication charge is warranted if, viewing the evidence in the light most favorable to the defendant, ‘there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis’ ” (People v Sirico, 17 NY3d 744, 745 [2011]; see People v Gaines, 83 NY2d 925, 927 [1994]). We cannot determine on this record whether defendant was intoxicated to a degree such that an intoxication charge was warranted, or whether defense counsel had a “strategic explanation for the failure ... to request the charge” (People v Miller, 122 AD3d 1369, 1370 [2014], lv denied 25 NY3d 952 [2015]). We therefore conclude that defendant’s claim of ineffective assistance of counsel is based on matters outside the record and must be raised by way of a motion pursuant to CPL 440.10 (see generally People v Graham, 125 AD3d 1496, 1496 [2015], lv denied 26 NY3d 1008 [2015]).
*1551 We have reviewed defendant’s remaining claims of ineffective assistance of counsel and conclude that they lack merit.
Present — Carni, J.P., Lindley, DeJoseph, Curran and Trout-man, JJ.