People v Howard (2018 NY Slip Op 08795)





People v Howard


2018 NY Slip Op 08795


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, CURRAN, AND TROUTMAN, JJ.


1125 KA 16-00930

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARNELL D. HOWARD, ALSO KNOWN AS DARNELL HOWARD, ALSO KNOWN AS MCKENZIE, DEFENDANT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
DARNELL D. HOWARD, DEFENDANT-APPELLANT PRO SE.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered December 2, 2015. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, reckless endangerment in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law
§ 125.25 [2] [depraved indifference murder]) and reckless endangerment in the first degree (§ 120.25), defendant contends in his main brief that his conviction of those crimes is not supported by legally sufficient evidence that he acted with depraved indifference to human life. We reject that contention.
A person commits depraved indifference murder when, "[u]nder circumstances evincing a depraved indifference to human life, he [or she] recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person" (Penal Law § 125.25 [2]), and a person commits reckless endangerment in the first degree "when, under circumstances evincing a depraved indifference to human life, he [or she] recklessly engages in conduct which creates a grave risk of death to another person" (§ 120.25). Depraved indifference is a mental state that is " best understood as an utter disregard for the value of human life—a willingness to act not because one intends harm, but because one simply doesn't care whether grievous harm results or not' " (People v Heidgen, 22 NY3d 259, 274 [2013], cert denied 135 S Ct 873 [2014], quoting People v Feingold, 7 NY3d 288, 296 [2006]; see People v Archie, 118 AD3d 1292, 1293 [4th Dept 2014], lv denied 26 NY3d 965 [2015]). Thus, "[a]s the drafters of the Penal Law put it, depraved indifference murder is extremely dangerous and fatal conduct performed without specific homicidal intent but with a depraved kind of wantonness' " (People v Payne, 3 NY3d 266, 272 [2004], rearg denied 3 NY3d 767 [2004]). Here, the evidence establishes that defendant repeatedly fired a handgun into a crowd, and "shooting into a crowd is a [q]uintessential example[]' of depraved indifference" (People v Ramos, 19 NY3d 133, 136 [2012]; see People v Suarez, 6 NY3d 202, 214 [2005]; Payne, 3 NY3d at 272). Thus, viewing the evidence in the light most favorable to the People (see People v Gordon, 23 NY3d 643, 649 [2014]), we conclude that the evidence is legally sufficient to establish that defendant acted with depraved indifference within the meaning of sections 125.25 (2) and 120.25 (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention in his main brief, we conclude that the evidence is also legally sufficient to establish that defendant is the person who fired the shots (see generally id.).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v [*2]Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention in his main and pro se supplemental briefs that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant consented to the annotations on the verdict sheet and thus waived his present contention that the verdict sheet contained improper annotations concerning the alleged incident (see People v Cipollina, 94 AD3d 1549, 1550 [4th Dept 2012], lv denied 19 NY3d 971 [2012]). "Although generally the lack of an objection to the annotated verdict sheet by defense counsel cannot be transmuted into consent' (People v Damiano, 87 NY2d 477, 484 [1996]), it is well settled that consent to the submission of an annotated verdict sheet may be implied where defense counsel fail[s] to object to the verdict sheet after having an opportunity to review it' " (People v Johnson, 96 AD3d 1586, 1587 [4th Dept 2012], lv denied 19 NY3d 1027 [2012]; see People v Bjork, 105 AD3d 1258, 1264 [3d Dept 2013], lv denied 21 NY3d 1040 [2013], cert denied 571 US 1213 [2014]; see also People v O'Kane, 30 NY3d 669, 672-673 [2018]). Here, the record unequivocally establishes that defense counsel reviewed the annotated verdict sheet and raised no objection to it, thereby implicitly consenting to it.
Defendant failed to object to the People's introduction of evidence concerning prior bad acts and thus failed to preserve for our review his contention in his main brief that such evidence was improperly admitted due to the People's failure to seek a Ventimiglia ruling concerning the admissibility of that evidence (see CPL 470.05 [2]; see generally People v Ventimiglia, 52 NY2d 350, 362 [1981]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). In addition, assuming, arguendo, that defendant preserved for our review his challenge in his main brief to the admissibility of the photographs of the deceased, we conclude that County Court did not abuse its discretion in admitting such photographs. "The general rule is that photographs of the deceased are admissible [where, as here,] they tend to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered" (People v Pobliner, 32 NY2d 356, 369 [1973], rearg denied 33 NY2d 657 [1973], cert denied 416 US 905 [1974]).
Contrary to defendant's additional contention in his main brief, the court properly refused to suppress his statements to the police. The evidence at the suppression hearing supports the court's determination that defendant did not, by stating that he wished to stop talking, make an unequivocal request for an attorney (see People v Liggins, 19 AD3d 324, 325 [3d Dept 2005], lv denied 5 NY3d 853 [2005]; cf. People v Porter, 9 NY3d 966, 967 [2007]). In addition, because questioning ceased when defendant subsequently made such an unequivocal request for an attorney, the court properly determined that the statements defendant made prior to that point were not subject to suppression (see People v Beasley, 147 AD3d 1549, 1549 [4th Dept 2017], lv denied 29 NY3d 1028 [2017]).
We reject defendant's contentions in his main brief that the sentence imposed constitutes cruel and unusual punishment and is unduly harsh and severe.
Finally, we have reviewed the remaining contention in defendant's pro se supplemental brief, and we conclude that it does not require reversal or modification of the judgment.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court