■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SANTIAGO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fuchs, J.), rendered March 14, 1984, convicting him of attempted murder in the second degree, assault in the first degree, reckless endangerment in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On this record, we cannot say, viewing the evidence in a light most favorable to the People, that any rational trier of fact could not have found the essential elements of the crimes of which the defendant stands convicted beyond a reasonable doubt *(see, Jackson v Virginia,* 443 US 307, 319).

The defendant claims that impermissible use was made of his postarrest silence since the prosecutor specifically cross-examined him with respect to information he did not provide

to the police upon his arrest, but which he testified to at trial *(see, Doyle v Ohio,* 426 US 610; *People v Conyers,* 52 NY2d 454). Contrary to the People's contention, this claim has been preserved for our review since defense counsel specifically objected on three occasions to this particular line of questioning and his objections were overruled *(see,* CPL 470.05 [2]).

The principle enunciated in *People v Conyers* (52 NY2d 454, *supra),* that a defendant's trial testimony may not be impeached by the use of his pretrial silence, was held inapplicable when a defendant voluntarily breaks his silence on arrest and "proceeds to narrate the essential facts of his involvement in the crime" *(see, People v Savage,* 50 NY2d 673, 676, *cert denied* 449 US 1016; *see also, People v Mayers,* 100 AD2d 558; *People v Davis,* 92 AD2d 177, *affd* 61 NY2d 202). However, the defendant's mere denial of his involvement in the shooting upon arrest was not tantamount to a waiver of his right to remain silent so as to render the *Conyers* proscription inapplicable. Indeed, the Court of Appeals recognized that "the State is denied the right to draw adverse inferences from the fact that a defendant has maintained an effective silence, *even if something less than total" (People v Savage, supra,* at p 680 [emphasis added]). Therefore, the prosecutor's questioning of the defendant in this regard was error. However, it was harmless in light of the overwhelming proof of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 241) and the court's curative instruction to the jury to the effect that "defendant was under no legal obligation to have continued speaking" *(People v Savage, supra,* at p 681, n 3).

We have examined the defendant's remaining contention and find it to be unpreserved for our review and, in any event, without merit. Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.