■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRETT MOXLEY, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant contends that it was error for the trial court to permit impeachment of his testimony based on his failure to advise the District Attorney of his alibi at a postarrest meeting where he denied his participation in the crime. We agree. A defendant may be impeached by pretrial silence which contradicts his trial testimony when he voluntarily speaks to the police and "proceeds to narrate the essential facts of his involvement in the crime" *(People v Savage,* 50 NY2d 673, 676, *cert denied* 449 US 1016). Because defendant by his denial maintained an effective but less than total silence, the People may not impeach defendant's testimony by drawing an adverse inference from his failure to raise his alibi defense. *(People v Santiago,* 119 AD2d 775, *lv denied* 68 NY2d 672; *People v Torres,* 111 AD2d 885.) Further, defendant was under no obligation to speak or set forth his alibi. *(People v Christman,* 23 NY2d 429; *People v Spruill,* 125 AD2d 510.) It was also error for the trial court to admit the Assistant District Attorney's testimony that Mark Brown denied having committed the Gates and Greece robberies. This testimony was inadmissible hearsay. Since the proof of defendant's guilt was not overwhelming, these errors may not be considered harmless *(People v Johnson,* 57 NY2d 969, 970).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of

Supreme Court, Monroe County, Boehm, J.—robbery, first degree.) Present—Dillon, P. J., Callahan, Lawton and Davis, JJ.