■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LARSEN, Also Known as DAVID LARSON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of murder in the second degree for stabbing a 14-year-old girl to death in her sister's apartment where she was baby-sitting. On appeal, defendant claims that the People, both on their direct case and on cross-examination of defendant, improperly used defendant's pretrial failure to come forward with an explanation for certain incriminating evidence against him. Defendant also claims that the trial court erred in instructing the jury that defendant's admissions

constituted direct rather than circumstantial evidence of guilt and erroneously referred to defendant's statements to the police as a "confession".

It is well established that a defendant's postarrest silence may not be used against him for impeachment purposes because it may violate due process and his privilege against self-incrimination *(People v Savage,* 50 NY2d 673, 677, *cert denied* 449 US 1016; *People v Conyers,* 52 NY2d 454; *see, Doyle v Ohio,* 426 US 610). Constitutional standards do not, however, inhibit every use of a defendant's postarrest silence, but only those which are fundamentally unfair *(People v Savage, supra,* at 680). Thus, the principle that the People may not use a defendant's postarrest silence against him has been held to be inapplicable when a defendant voluntarily breaks his silence on arrest and "proceeds to narrate the essential facts of his involvement in the crime" *(People v Savage, supra,* at 676; *People v Moxley,* 138 AD2d 951).

Here, on their direct case, the People improperly questioned a police officer about defendant remaining silent when confronted with the fact that his fingerprints had been found on a mop handle inside the apartment where the crime occurred *(see, People v Conyers, supra).* There was no objection to this testimony, however, and thus the issue has not been properly preserved for appellate review (CPL 470.05 [2]). We decline to review this claim in the interests of justice because no timely request for a curative instruction was ever made and the proof of defendant's guilt was strong and compelling *(see, People v Crimmins,* 36 NY2d 230, 241; *People v Santiago,* 119 AD2d 775, 776, *lv denied* 68 NY2d 672).

Defendant testified in his own defense and denied that he had killed the victim and further denied that he ever told police that he had killed her. Defendant also offered an explanation as to how his fingerprint came to be found on the mop handle. On cross-examination, the prosecutor, over objection, asked defendant whether he had ever offered this explanation to the police when he was questioned by them following the stabbing. This questioning likewise violated the principle enunciated in *Conyers (supra)* and was error. However, in light of the overwhelming evidence of guilt, we conclude that such error was harmless *(see, People v Crimmins, supra; People v Santiago, supra).*

We further agree that the trial court erred in characterizing defendant's statement to the police as a "confession" as opposed to an "admission" and in instructing the jury that defendant's admissions constituted direct rather than circum-

stantial evidence of guilt *(see, People v Williams,* 121 AD2d 145, 148). However, since defendant's statement was thoroughly inculpatory, the court's erroneous characterization of the statement as a confession could not have seriously misled the jury or prejudiced the defendant *(People v Kingston,* 8 NY2d 384, 387; *People v Montgomery,* 101 AD2d 893, 894). Thus, we conclude that any error in this respect would not constitute prejudicial error or require reversal *(People v Kingston, supra).*

We have examined the other issues raised by defendant and conclude that they are without merit. (Appeal from judgment of Supreme Court, Monroe County, Boehm, J.—murder, second degree.) Present—Callahan, J. P., Doerr, Boomer, Green and Pine, JJ.