■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECIL TRAYLOR, Appellant. [725 NYS2d 242] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that Supreme Court erred in granting the People's challenge for cause of a prospective juror. Prospective jurors have a duty to answer voir dire questions truthfully (*see, People v Cephus*, 224 AD2d 706, 707; *see also, Holland v Blake*, 38 AD2d 344, 345-346, *affd* 31 NY2d 734). In the case of a challenge for cause of an unsworn juror, a trial court "should lean toward disqualifying a prospective juror of dubious impartiality" (*People v Branch*, 46 NY2d 645, 651). The record establishes that the juror failed to disclose a criminal conviction during voir dire. It was within the court's discretion to determine that such failure showed that the juror had "a state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; *see, People v Barber*, 269 AD2d 758, 760). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Burglary, 3rd Degree.) Present—Pine, J. P., Hayes, Wisner, Kehoe and Burns, JJ.