THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC MILLER, Appellant. [737 NYS2d 898] —Appeal from a judgment of Monroe County Court (Bristol, J.), entered July 20, 1998, convicting defendant after a jury trial of, inter alia, sodomy in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences imposed on counts one through four run concurrently with each other and consecutive to the sentence imposed on count five, for an aggregate sentence of 16 to 32 years and as modified the judgment is affirmed.

Memorandum: Defendant was convicted after a jury trial of sodomy in the first degree (two counts) (Penal Law § 130.50 [3]), sexual abuse in the first degree (three counts) (Penal Law § 130.65 [3]), and endangering the welfare of a child (Penal Law § 260.10 [1]) arising from his sexual abuse of his girlfriend's nine-year-old daughter. Defendant was sentenced to consecutive terms of imprisonment aggregating 35½ to 71 years. Defendant failed to meet his "high burden of demonstrating that he was deprived of a fair trial by less than meaningful representation" (*People v Hobot,* 84 NY2d 1021, 1022; *see, People v James,* 231 AD2d 911, *lv denied* 89 NY2d 924). "[A] simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after the trial, does not suffice" to establish ineffective assistance (*People v Flores,* 84 NY2d 184, 187). Defense counsel's failure to object to certain hearsay testimony and to certain testimony that was not relevant does not constitute ineffective assistance (*see, People v McClain,* 250 AD2d 871, 873, *lv denied* 92 NY2d 901). In addition, defense counsel pursued a discernible strategy. The fact that the strategy failed does not establish that the

representation was less than meaningful (*see, People v Baldi*, 54 NY2d 137, 147).

We agree with defendant that the sentence is unduly harsh and severe. Thus, as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [b]), we modify the judgment by directing that the sentences imposed on counts one through four run concurrently with each other and consecutive to the sentence imposed on count five, for an aggregate sentence of 16 to 32 years. Present—Hayes, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.