THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY HENDRICKS, Appellant. [769 NYS2d 432]—

Appeal from a judgment of Oneida County Court (Dwyer, J.), entered November 18, 1999, convicting defendant after a jury trial of murder in the second degree and robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal

Law § 125.25 [3]) and two counts of robbery in the first degree (§ 160.15 [1], [2]). Defendant contends that he was denied a fair trial when the prosecutor failed to correct the testimony of a witness that she had not received a benefit in exchange for her testimony. The People disclosed in their response to defendant's discovery demand that "the People have agreed to grant favorable treatment to [the witness], on a criminal misdemeanor charge in exchange for information regarding this investigation." At trial, the witness testified that she had received an adjournment in contemplation of dismissal on charges of criminal possession of a controlled substance in the seventh degree, but testified further that she had not received a benefit for the information she provided regarding the charges against defendant. The prosecutor should have corrected that testimony based on the People's discovery response indicating that the adjournment in contemplation of dismissal had in fact been granted in exchange for the witness's information (*see People v Novoa*, 70 NY2d 490, 496-497 [1987]; *People v LaDolce*, 196 AD2d 49, 56 [1994]). "[I]n the face of a prosecutor's knowledge that a witness'[s] testimony denying that a promise of leniency was given is false, he or she has no choice but to correct the misstatement and to elicit the truth" (*People v Piazza*, 48 NY2d 151, 162-163 [1979], citing *People v Savvides*, 1 NY2d 554, 557 [1956]). However, defendant failed to object or to seek sanctions when the witness testified differently from what was disclosed in the People's discovery demand. Thus, the issue is not preserved for our review (*see People v Bryant*, 298 AD2d 845, 846 [2002], *lv denied* 99 NY2d 556 [2002]). In any event, the error is harmless (*see People v Steadman*, 82 NY2d 1, 8-9 [1993]).

We further conclude that County Court did not abuse its discretion in its *Sandoval* and *Ventimiglia* rulings (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]; *People v Alvino*, 71 NY2d 233, 242 [1987]). The evidence is legally sufficient to support the conviction, and the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant received effective assistance of counsel (*see People v Berroa*, 99 NY2d 134, 139 [2002]), and the sentence is not unduly harsh or severe. Defendant's remaining contentions are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Lawton, JJ.