■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAR MCDUFFIE, Appellant. [907 NYS2d 764]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered January 20, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), defendant contends that he was denied his right to a fair trial based on the prosecutor's failure to correct the testimony of a police officer. "[A] prosecutor has a duty to correct trial testimony if he or she knows that it is false" (*People v Williams*, 61 AD3d 1383 [2009], *lv denied* 13 NY3d 751 [2009]; *see People v Savvides*, 1 NY2d 554, 556-557 [1956]). Here, the prosecutor sought to recall the officer to correct his testimony, but defendant objected and sought to resolve the issue by way of stipulation. County Court gave defendant the option of recalling the officer for the purpose of clarification or arguing on summation that the officer was mistaken, and defendant ultimately used the testimony on summation in an attempt to undermine the People's case. Consequently, we conclude that any error in failing to correct the testimony of that officer is harmless (*see People v Hendricks*, 2 AD3d 1450 [2003], *lv denied* 2 NY3d 762 [2004]; *see generally People v Steadman*, 82 NY2d 1, 8-9 [1993]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve for our review his further contention that the conviction is not supported by legally sufficient evidence (*see People v Lane*, 7 NY3d 888, 889 [2006]; *People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, defendant contends that the court erred in charging the jury on the theory of constructive possession. We reject that contention inasmuch as the court properly charged the jury with the definition of "possess" set forth in Penal Law § 10.00 (8). Present—Scudder, P.J., Martoche, Smith, Fahey and Green, JJ.