# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

307
**KA 09-00069**
PRESENT: SCUDDER, P.J., SMITH, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

               V                     MEMORANDUM AND ORDER

RAKEEM J. GOLSON, DEFENDANT-APPELLANT.

---

ANTHONY J. LANA, BUFFALO, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered October 21, 2008. The judgment convicted defendant, upon a jury verdict, of conspiracy in the fourth degree (two counts), burglary in the first degree (five counts), burglary in the second degree, robbery in the first degree (six counts), robbery in the second degree (two counts) and assault in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of burglary in the second degree and dismissing count eight of the indictment as and modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, two counts of conspiracy in the fourth degree (Penal Law § 105.10 [1]) and five counts of burglary in the first degree (§ 140.30 [2 - 4]). As a preliminary matter, as we noted in the appeal of defendant's codefendant, count eight, charging defendant with burglary in the second degree under Penal Law § 140.25 (2), "must be dismissed as a lesser inclusory count of counts three through seven, charging defendant with burglary in the first degree" (*People v Clark*, 90 AD3d 1576, 1577). We therefore modify the judgment accordingly.

Contrary to defendant's contention, viewing the evidence in light of the elements of the remaining crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant was identified by only two prosecution witnesses; one is a drug addict who also was indicted for these crimes and who received a favorable plea agreement in exchange for her testimony, and the other has a lengthy criminal record. Thus, we agree with defendant that another result would not have been

unreasonable (*see id.* at 495). Nevertheless, we further conclude that, upon weighing the " 'relative strength of conflicting inferences that may be drawn from the testimony,' " the jury did not fail to give the evidence the weight it should be accorded (*id.*).

Because he failed to object in a timely manner to the prosecutor's failure to correct the testimony of a prosecution witness that she did not receive any benefit for her testimony, defendant failed to preserve for our review his contention that the People's failure to correct that testimony deprived him of a fair trial (*see People v Hendricks*, 2 AD3d 1450, 1451, *lv denied* 2 NY3d 762). In any event, we conclude that, although the prosecutor has an obligation "to correct misstatements by a witness concerning the nature of a promise" (*People v Novoa*, 70 NY2d 490, 496), the error in failing to do so here is harmless because County Court instructed the jury that the witness also had been indicted for these crimes and had been permitted to plead guilty to lesser offenses in exchange for her testimony (*see generally Hendricks*, 2 AD3d at 1451).

We also reject defendant's contention that the court erred in permitting the People to present the testimony of a police witness regarding the out-of-court identification of defendant by a prosecution witness (*see* CPL 60.25). During her testimony, the witness mistakenly identified the codefendant as defendant, and explained that defendant had long hair with braids at the time of the crime. It is undisputed that defendant's hair was short at the time of the trial. Thus, based upon defendant's change of appearance, the court properly determined that the witness was unable to identify defendant on the basis of present recollection (*see generally People v Quevas*, 81 NY2d 41, 45-46; *People v Nival*, 33 NY2d 391, 394-395, *appeal dismissed and cert denied* 417 US 903).

Entered: March 16, 2012                        Frances E. Cafarell
                                               Clerk of the Court