# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**486**

**KA 10-02035**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JABARI H. SPENCER, DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered September 24, 2010. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that County Court erred in admitting in evidence the recording of the 911 call made by one of the victims following the robbery. We agree. The 911 recording constitutes hearsay (*see People v Buie*, 86 NY2d 501, 505), and none of the exceptions to the rule against hearsay apply herein. The 911 recording is not admissible under the present sense impression exception because there is nothing in the record establishing that the victim's "statement describes or explains an event or condition and was 'made while the [victim] was perceiving the event or condition, *or immediately thereafter*' " (*People v Vasquez*, 88 NY2d 561, 575, quoting *People v Brown*, 80 NY2d 729, 732). Specifically, it is not clear when the 911 call was made relative to when the robbery ended. Moreover, the victim's statements on the 911 recording also included references to other events, i.e., one that occurred at least one day before the robbery and another that occurred a week prior to the robbery. Thus, those statements clearly do not reflect a present sense impression (*see id.*).

Further, the 911 recording is not admissible as an excited utterance because the victim's statements clearly indicate that he had time to reflect on what had occurred prior to describing the robbery and who had committed the robbery. "Excited utterances 'are the product of the declarant's exposure to a startling or upsetting event that is sufficiently powerful to render the observer's normal reflective processes inoperative[,]' preventing the opportunity for deliberation and fabrication" (*People v Carroll*, 95 NY2d 375, 385,

quoting *Vasquez*, 88 NY2d at 574; *see People v Edwards*, 47 NY2d 493, 496-497).  Given that the 911 recording constituted hearsay, it was error to admit it in evidence and such admission constituted improper bolstering of the testimony of the victim who made the 911 call (*see generally Buie*, 86 NY2d at 510; *People v McDaniel*, 81 NY2d 10, 18).

Nevertheless, we conclude that the court's error in admitting in evidence the 911 recording is harmless because the "proof of [defendant's] guilt was overwhelming . . . and . . . there was no significant probability that the jury would have acquitted [him] had the proscribed evidence not been introduced" (*People v Kello*, 96 NY2d 740, 744; *see generally People v Crimmins*, 36 NY2d 230, 241-242).  Two of the three victims of the robbery were acquainted with defendant, and they both recognized him almost immediately as the perpetrator, despite the fact that his face was covered.  Moreover, those witnesses were consistent in their respective versions of the facts regarding the robbery and were unequivocal in their identification of defendant as the perpetrator.

The sentence is not unduly harsh or severe.  We have reviewed defendant's remaining contentions and conclude that none requires reversal.

Entered:  June 15, 2012                    Frances E. Cafarell
                                           Clerk of the Court