# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1425**
**KA 11-00012**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOHNNY ROGERS, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered November 19, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that the 19-year preindictment delay violated his right to a speedy trial and his due process right to prompt prosecution. We reject that contention. In examining the *Taranovich* factors (*People v Taranovich*, 37 NY2d 442, 445), we conclude that, although the 19-year preindictment delay was substantial, the nature of the underlying charge was serious, and defendant remained at liberty until he was indicted. Moreover, the People met their burden of establishing good cause for the delay (*see People v Decker*, 13 NY3d 12, 14-16; *People v Chatt*, 77 AD3d 1285, 1285, *lv denied* 17 NY3d 793). Indeed, they established that there was insufficient evidence to charge defendant shortly after the crimes occurred, and it was not until the statements of three witnesses were obtained and DNA testing was completed that the People brought the charges against defendant. The People's decision to bring the charges against defendant many years later "was not an abuse of the significant amount of discretion that the People must of necessity have, and there is no indication that the decision was made in anything other than good faith" (*Decker*, 13 NY3d at 15). We further conclude that, while the delay may have caused some degree of prejudice to defendant, "there is no indication that the defense was significantly impaired by the delay" (*id.*). Contrary to defendant's further contention, there was no need for a *Singer* hearing (*People v Singer*, 44 NY2d 241, 255) because no issue of fact exists regarding the cause of the delay and because the record provided County Court with a sufficient basis to determine whether the

delay was justified (*see People v Gathers*, 65 AD3d 704, 704, *lv denied* 13 NY3d 859; *cf. People v Watts*, 78 AD2d 1008, 1009).

We reject defendant's contention that the court abused its discretion in denying his request for an adjournment after the People turned over alleged *Brady* material less than a week before the trial. " '[T]he court's exercise of discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice' " (*People v Peterkin*, 81 AD3d 1358, 1360, *lv denied* 17 NY3d 799). Even assuming, arguendo, that the interdepartmental memo of the police department was *Brady* material, we conclude that defendant had a meaningful opportunity to use it at trial and thus was not prejudiced by the denial of his request for an adjournment.

Defendant next contends that the court erred in denying his challenges for cause to two prospective jurors. Initially, we note that, contrary to the People's contention, defendant exhausted all of his peremptory challenges, and thus the issue is properly before us (*see* CPL 270.20 [2]). On the merits, however, we agree with the People that the court properly denied the challenges. It is well settled that "a prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the prospective juror states unequivocally on the record that he or she can be fair and impartial" (*People v Chambers*, 97 NY2d 417, 419; *see People v Harris*, 19 NY3d 679, 685). Here, while the two prospective jurors stated that they knew victims of domestic violence, nothing said by them on that issue raised a serious doubt as to their ability to render an impartial verdict (*see People v Turner*, 6 AD3d 1190, 1190, *lv denied* 3 NY3d 649). Their responses were unequivocal despite their use of the word "think" (*see People v Odum*, 67 AD3d 1465, 1465, *lv denied* 14 NY3d 804, 15 NY3d 755, *cert denied* ___ US ___, 131 S Ct 326). The second prospective juror at issue also made statements indicating that he would find a police officer more credible than someone else. Thus, in order to avoid excusing that juror, it was incumbent upon the court to elicit an unequivocal assurance of the prospective juror's ability to be impartial (*see People v Johnson*, 17 NY3d 752, 753), which the court here did. The court asked the prospective juror at issue if he would follow an instruction that he was not to give any greater weight to a police officer's testimony, and the prospective juror responded, "yes. If it was an order, yes, I would."

Contrary to defendant's further contention, the court properly admitted testimony regarding prior incidents of domestic violence by defendant against the victim, i.e., his wife, because it was probative of defendant's motive, intent, and identity (*see People v Kelly*, 71 AD3d 1520, 1521, *lv denied* 15 NY3d 775; *People v Colbert*, 60 AD3d 1209, 1212; *People v Parsons*, 30 AD3d 1071, 1073, *lv denied* 7 NY3d 816). The evidence of domestic violence perpetrated by defendant against a witness was also properly admitted because it was inextricably interwoven with that witness's testimony (*see generally People v Ely*, 68 NY2d 520, 529). Additionally, contrary to defendant's contention, the court weighed the probative value of the

domestic violence evidence against its prejudicial impact (*see People v DiTucci*, 81 AD3d 1249, 1250, *lv denied* 17 NY3d 794), and the prejudicial impact of that evidence was minimized by the court's limiting instructions (*see People v Carson*, 4 AD3d 805, 806, *lv denied* 2 NY3d 797).

Defendant failed to preserve for our review his contention that hearsay testimony from a witness regarding the victim's pregnancy violated his right of confrontation (*see People v Rivera*, 33 AD3d 450, 450-451, *lv denied* 7 NY3d 928) and, in any event, that contention lacks merit inasmuch as defendant opened the door to such testimony (*see People v Reid*, 19 NY3d 382, 388). Contrary to defendant's contention, his right to remain silent was not violated by the testimony of a police officer that defendant waived his *Miranda* warnings and provided an oral statement, but refused to provide an affidavit (*see People v Hendricks*, 90 NY2d 956, 957; *People v Beecham*, 74 AD3d 1216, 1217, *lv denied* 15 NY3d 918, *reconsideration denied* 16 NY3d 856). Defendant's further contention that the testimony of another police officer also violated his right to remain silent is not preserved for our review (*see People v Larsen*, 145 AD2d 976, 977, *lv denied* 73 NY2d 1017), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant next contends that the court erred in refusing to admit in evidence a prior inconsistent statement of a prosecution witness. The contents of that affidavit were essentially put before the jury during cross-examination of the witness, and the decision whether to admit the affidavit in evidence was therefore within the court's discretion (*see People v Piazza*, 48 NY2d 151, 164-165). We perceive no abuse of discretion in the court's refusal to do so (*see People v Lewis*, 277 AD2d 1022, 1022-1023, *lv denied* 96 NY2d 802).

Defendant also contends that certain conduct by the prosecutor denied him a fair trial. We agree with defendant that it was improper for the prosecutor to imply during the testimony of a witness that defendant had an obligation to call another witness (*see People v Grice*, 100 AD2d 419, 422), but we conclude that the court's curative instruction was sufficient to alleviate any prejudice to defendant (*see People v Smith*, 88 AD3d 487, 488; *People v Peterson*, 71 AD3d 1419, 1420, *lv denied* 14 NY3d 891). Additionally, even assuming, arguendo, that certain comments by the prosecutor on summation impermissibly shifted the burden of proof (*see People v Grant*, 94 AD3d 1139, 1141), we conclude that the comments were not so pervasive or egregious as to deny defendant a fair trial (*see People v Caldwell*, 98 AD3d 1272, 1273). Defendant's further contention that the prosecutor failed to correct allegedly false testimony by one of the expert witnesses is not preserved for our review (*see People v Golson*, 93 AD3d 1218, 1219-1220, *lv denied* 19 NY3d 864), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's contention that the evidence is legally

insufficient to establish that he was the perpetrator (*see generally People v Bleakley*, 69 NY2d 490, 495).  The evidence established that defendant made admissions to several different people that he killed his wife.  We further conclude that, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  Inasmuch as there was direct evidence of defendant's guilt consisting of his admissions to several witnesses that he killed his wife, we reject defendant's further contention that the court erred in failing to give a circumstantial evidence charge (*see People v Casper*, 42 AD3d 887, 888, *lv denied* 9 NY3d 990).

Defendant failed to preserve for our review his contention that the testimony of the experts violated his right of confrontation (*see People v Encarnacion*, 87 AD3d 81, 89, *lv denied* 17 NY3d 952) and, in any event, that contention is without merit.  Those experts relied on an autopsy report and DNA paternity report, respectively, but the actual reports were not admitted in evidence.  "Out-of-court statements that are related by [an] expert solely for the purpose of explaining the assumptions on which that opinion rests are not offered for their truth and thus fall outside the scope of the Confrontation Clause" (*Williams v Ilinois*, ___ US ___, ___, 132 S Ct 2221, 2228 [June 18, 2012]).

Defendant was not denied a fair trial based upon cumulative error (*see People v Rumph*, 93 AD3d 1346, 1348, *lv denied* 19 NY3d 967), and the court did not err when it sentenced defendant.  The court did not base its sentence on a crime of which defendant had been acquitted (*cf. People v Wilkonson*, 281 AD2d 373, 374, *lv denied* 96 NY2d 926), but rather sentenced him based on all the relevant facts and circumstances surrounding the crime of which he was convicted (*see People v La Veglia*, 215 AD2d 836, 837).  We have examined defendant's remaining contentions and conclude that they are without merit.

Entered:  February 1, 2013                Frances E. Cafarell
                                          Clerk of the Court