# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

174
KA 08-02511
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

DONNELL M. BROWN, DEFENDANT-APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONNELL M. BROWN, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered December 5, 2008. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), arising from a stabbing incident. Following the stabbing, the victim's roommate called 911 to report the incident. Defendant contends that he was denied effective assistance of counsel when defense counsel stipulated to the admission of the 911 recording in evidence at trial because it contained inadmissible hearsay that bolstered the testimony of the victim and prejudiced his defense of the case. Although we agree with defendant that defense counsel erred in stipulating to the admission of inadmissible hearsay, we reject defendant's contention that this single error was sufficiently egregious as to deprive him of a fair trial (*see People v Wells*, 101 AD3d 1250, 1255; *People v Singh*, 16 AD3d 974, 978, *lv denied* 5 NY3d 769; *People v Miller*, 291 AD2d 929, 929, *lv denied* 98 NY2d 712). Indeed, we note that the victim, who had known defendant prior to the incident, unequivocally identified defendant as the assailant at trial.

We reject defendant's further contention that Supreme Court erred in denying his motion to set aside the verdict on the ground of newly discovered evidence. The evidence in question, i.e., that the victim used crack cocaine on the night of the incident and had accused

defendant of having a relationship with the victim's girlfriend, was not in fact newly discovered inasmuch as defendant allegedly learned of that evidence on the evening before summations and thus had an opportunity to use it before the case was submitted to the jury (*see* CPL 330.30 [3]; *see generally People v White*, 272 AD2d 872, 872, *lv denied* 95 NY2d 859). In any event, the evidence merely impeaches or contradicts the testimony of the victim, and defendant failed to show that its admission would have created the probability of a more favorable verdict (*see* CPL 330.30 [3]; *People v Salemi*, 309 NY 208, 215-216, *cert denied* 350 US 950).

We have reviewed defendant's contention in his pro se supplemental brief and conclude that it is without merit. It is well settled that defense counsel is not ineffective for failing to bring a motion that would have had little or no chance of success (*see generally People v Caban*, 5 NY3d 143, 152; *People v Medaro*, 277 AD2d 252, 253, *lv denied* 96 NY2d 803).

Entered: March 15, 2013                    Frances E. Cafarell
                                           Clerk of the Court