# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**213**

**KA 09-02089**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

EDWIN L. MULLIGAN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

EDWIN L. MULLIGAN, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Brian M. McCarthy, J.), rendered September 4, 2009. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b], [3]). During the trial, County Court admitted in evidence a 911 recording containing several statements that were made approximately two minutes after the shooting that resulted in the charges herein. During the recording, a witness stated that he had found the victim after she had been shot, and that the victim was conscious but did not know where she had been shot. The 911 operator asked the witness who had shot the victim, and the witness initially responded, "I guess her boyfriend." The witness then asked the victim to identify the shooter, the victim responded by identifying defendant, and the witness repeated that response to the 911 operator.

We reject defendant's contention that the court erred in admitting in evidence the victim's statements on the 911 recording under the excited utterance exception to the hearsay rule. In determining whether to admit such statements in evidence, "it is necessary to review the facts of the case to consider the atmosphere

surrounding the statements and thus determine whether they were precipitated by the subject event" (*People v Norton*, 164 AD2d 343, 353, *affd* 79 NY2d 808). The fact "[t]hat statements were made in response to an inquiry does not disqualify them as excited utterances but rather is a fact to be considered by the trial court" (*People v Cotto*, 92 NY2d 68, 79). Here, the evidence in the record establishes that the victim was shot four times in front of her 14-month-old toddler, and the statements at issue were made within minutes of that incident. Moreover, during the medical treatment administered at the scene shortly after the 911 call, the victim "was crying out that she didn't want to die." We agree with the People that such evidence establishes that the victim " 'spoke while under the stress or influence of the excitement caused by the event, so that [her] reflective capacity was stilled' . . . The spontaneity of the declaration guarantee[d] its trustworthiness and reliability" (*People v Cantave*, 21 NY3d 374, 381).

We agree with defendant, however, that the court erred in admitting in evidence the statement of the witness identifying defendant as the shooter under the present sense impression exception to the hearsay rule. It is well settled that, in order "[t]o qualify as a present sense impression, the out-of-court statement must be (1) made by a person perceiving the event as it is unfolding or immediately afterward . . . , and (2) corroborated by independent evidence establishing the reliability of the contents of the statement" (*id.* at 382). Here, the witness did not see the shooting, and he confirmed defendant's identity as the shooter only after questioning the victim (*see People v Vasquez*, 88 NY2d 561, 580; *see also People v Brown*, 104 AD3d 1203, 1204, *lv denied* 21 NY3d 1014). Therefore, the witness's statement was not admissible as a present sense impression, and we conclude that the admission of that statement in evidence improperly bolstered the victim's identification of defendant as the shooter (*see People v Spencer*, 96 AD3d 1552, 1553, *lv denied* 19 NY3d 1029, *reconsideration denied* 20 NY3d 989; *see generally People v Smith*, 22 NY3d 462, 465-467). We conclude, however, that the court's error "is harmless because the 'proof of [defendant's] guilt was overwhelming . . . and . . . there was no significant probability that the jury would have acquitted [him] had the proscribed evidence not been introduced' " (*Spencer*, 96 AD3d at 1553, quoting *People v Kello*, 96 NY2d 740, 744; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

Defendant's further contention that the court erred in admitting in evidence the testimony of a police officer that bolstered the victim's identification of defendant lacks merit inasmuch as that testimony provided a narrative of the events leading to defendant's arrest (*see e.g. People v Perry*, 62 AD3d 1260, 1261, *lv denied* 12 NY3d 919; *People v Mendoza*, 35 AD3d 507, 507, *lv denied* 8 NY3d 987; *People v Smalls*, 293 AD2d 500, 501, *lv denied* 98 NY2d 681). In any event, any such error is harmless (*see generally Crimmins*, 36 NY2d at 241-242), particularly in view "of the 'clear and strong' identification of defendant by the victim and the other evidence of defendant's guilt" (*People v Simms*, 244 AD2d 920, 920-921, *lv denied* 91 NY2d 897;

see *People v McCullen*, 63 AD3d 1708, 1709, *lv denied* 13 NY3d 747; *People v Cunningham*, 233 AD2d 845, 846, *lv denied* 89 NY2d 1091).

Defendant's contention that he was denied a fair trial by prosecutorial misconduct because the prosecutor attempted to mislead the jury on the issue whether the victim was wearing a winter coat when she was shot is not preserved for our review (*see People v Golson*, 93 AD3d 1218, 1219-1220, *lv denied* 19 NY3d 864; *see generally People v Rogers*, 103 AD3d 1150, 1154, *lv denied* 21 NY3d 946) and, in any event, that contention lacks merit. Although a " 'prosecutor has a duty to correct trial testimony if he or she knows that it is false' " (*People v McDuffie*, 77 AD3d 1360, 1361, *lv denied* 16 NY3d 833; *see People v Savvides*, 1 NY2d 554, 556-557), the record does not establish that the prosecutor elicited false testimony or misled the jury (*see generally People v Kirk*, 96 AD3d 1354, 1359, *lv denied* 20 NY3d 1012).

Defendant contends that the prosecutor also engaged in misconduct by cross-examining him regarding his failure to contact the police after the shooting, thereby infringing upon his right to remain silent, and then engaged in further misconduct by commenting on that failure during summation. Those contentions are preserved for our review only to the extent that defendant objected to parts of the prosecutor's summation. In any event, contrary to defendant's contention regarding cross-examination, "[t]he People's primary focus was on defendant's conduct, to wit, his flight and his failure to seek aid for the victim [and their child], rather than [defendant's] silence . . . Moreover, defendant's failure to contact the police was admissible as inconsistent with his defense" (*People v Guzman*, 259 AD2d 364, 365, *lv denied* 93 NY2d 925; *see generally People v Rothschild*, 35 NY2d 355, 360-361). We further conclude that the disputed parts of the People's summation were fair comment upon the evidence (*see People v Ashwal*, 39 NY2d 105, 109-110). We reject defendant's related contention that he was denied meaningful representation based on defense counsel's failure to preserve for our review the issue of prosecutorial misconduct in its entirety. An attorney's "failure to 'make a motion or argument that has little or no chance of success' " does not amount to ineffective assistance (*People v Caban*, 5 NY3d 143, 152, quoting *People v Stultz*, 2 NY3d 277, 287). For the reasons discussed above, the prosecutor's cross-examination of defendant on the subject of his failure to contact police was proper and thus any argument to the contrary had "little or no chance of success" (*id.*). We further conclude that defendant was not deprived of a fair trial by the cumulative effect of the errors alleged herein (*see People v Snyder*, 100 AD3d 1367, 1370, *lv denied* 21 NY3d 1010; *People v McKnight*, 55 AD3d 1315, 1317, *lv denied* 11 NY3d 927).

Defendant further contends in his main and pro se supplemental briefs that the conviction is not supported by legally sufficient evidence and that the verdict is contrary to the weight of the evidence, basing both contentions primarily on his challenge to the victim's credibility. We reject those contentions. The victim "did

not provide internally inconsistent testimony, and she was not the source of all of the evidence of [defendant's] guilt" (*People v Hampton*, 21 NY3d 277, 288 [internal quotation marks omitted]). Viewing the evidence in the light most favorable to the People (*see People v Williams*, 84 NY2d 925, 926), we conclude that it is legally sufficient to support the conviction of the crimes charged (*see generally People v Bleakley*, 69 NY2d 490, 495). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we also conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]), and we see no basis for disturbing the jury's resolution of those issues.

Defendant further contends that the court erred in failing to issue a decision on those parts of his omnibus motion seeking suppression of evidence found by the police during searches of his house and vehicle pursuant to a search warrant. In his motion, defendant contended that his constitutional rights were violated by the searches because the court lacked probable cause to issue the warrant. On the initial date that the court set for argument of the motions, the court indicated that it would review the search warrant application and the search warrants. At the start of the trial, defense counsel argued other motions and obtained rulings on other applications such as his *Sandoval* request, but he did not seek to argue the suppression motion. In addition, defense counsel did not respond when the court inquired whether there were "any other issues we may need to talk about before we bring the jury up," nor did he object when the evidence seized as a result of those searches was admitted in evidence at trial. "Because defendant failed to seek a ruling on those parts of his omnibus motion concerning the alleged [constitutional] violation . . . or to object to the admission of [that] evidence at trial, we conclude that defendant abandoned his contention[] that [the court] erred in refusing to suppress [the evidence] on those grounds" (*People v Nix*, 78 AD3d 1698, 1699, *lv denied* 16 NY3d 799, *cert denied* ___ US ___, 132 S Ct 157; *see People v Anderson*, 52 AD3d 1320, 1320-1321, *lv denied* 11 NY3d 733).

We have considered defendant's remaining contentions in both his main and pro se supplemental briefs, and we conclude that they are without merit.

Entered: June 20, 2014                          Frances E. Cafarell
                                                 Clerk of the Court