# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1231
KA 12-00650
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL R. WATKINS, DEFENDANT-APPELLANT.

---

LESLEY C. GERMANOW, FULTON, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered November 21, 2011. The judgment convicted defendant, upon a jury verdict, of attempted assault in the first degree, assault in the second degree, burglary in the first degree (two counts) and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) and assault in the second degree (§ 120.05 [2]) arising from a shooting at the home of defendant's former girlfriend. We reject defendant's contention that he was denied a fair trial as the result of County Court's questioning of a police investigator. The court was "entitled to question [the investigator] to clarify [her] testimony and to facilitate the progress of the trial" (*People v Williams*, 107 AD3d 1516, 1517, *lv denied* 21 NY3d 1047 [internal quotation marks omitted]), and we conclude that, during the questioning, the court exhibited no partiality, bias or hostility against defendant (*see People v Jamison*, 47 NY2d 882, 883).

Contrary to defendant's contention, the court properly refused to suppress evidence obtained by the police without a warrant from defendant's cell phone service provider. The provider disclosed information to the police concerning defendant's location through the use of a technique commonly known as "pinging" (*see generally People v Wells*, 45 Misc 3d 793, 796-797; *People v Moorer*, 39 Misc 3d 603, 610-615). Even assuming, arguendo, that the use of that technique constituted a search implicating the protections of the Federal and State Constitutions (*see* US Const, 4th Amend; NY Const, art I, § 12), we conclude that the People established that exigent circumstances

justified the police in proceeding without a warrant (*see generally People v McBride*, 14 NY3d 440, 446, *cert denied* ___ US ___, 131 S Ct 327; *People v Stevens*, 57 AD3d 1515, 1515-1516, *lv denied* 12 NY3d 822).

Contrary to defendant's further contention, the court properly admitted in evidence a 911 recording containing the statements of a witness present at the shooting under the excited utterance exception to the hearsay rule (*see People v Mulligan*, 118 AD3d 1372, 1372-1373). We agree with defendant, however, that the court erred in failing to redact that portion of the recording containing hearsay statements of the victim that were relayed to the 911 operator by the witness (*see id.* at 1373; *People v Fenner*, 283 AD2d 516, 517-518, *lv denied* 96 NY2d 939). Inasmuch as there is overwhelming evidence of defendant's guilt and no significant probability that the error contributed to his conviction, we conclude that the error is harmless (*see Mulligan*, 118 AD3d at 1373; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant failed to preserve for our review his contention that the evidence of physical injury is insufficient to support his conviction of assault in the second degree (*see People v Gray*, 86 NY2d 10, 19). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that defendant's remaining challenges to the legal sufficiency of the evidence lack merit.

Finally, we reject defendant's contentions that he was denied a fair trial by the cumulative effect of the alleged errors (*see People v McKnight*, 55 AD3d 1315, 1317, *lv denied* 11 NY3d 927), and that the sentence is unduly harsh and severe.

Entered:  February 6, 2015                      Frances E. Cafarell
                                                Clerk of the Court