# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**666**

**KA 10-01017**

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

NICHOLAS A. WEST, ALSO KNOWN AS EDWARD DESHAWN
WEST, DEFENDANT-APPELLANT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF
COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (David
D. Egan, J.), rendered January 7, 2010. The judgment convicted
defendant, upon a jury verdict, of burglary in the first degree,
robbery in the first degree, robbery in the second degree and assault
in the second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him,
upon a jury verdict, of burglary in the first degree (Penal Law §
140.30 [4]), robbery in the first degree (§ 160.15 [4]), robbery in
the second degree (§ 160.10 [1]), and assault in the second degree (§
120.05 [2]). The conviction arises out of an incident in which
defendant and two codefendants broke into an apartment and stole money
and property from a woman inside, and defendant used a shotgun to
shoot two men—only one of whom (hereafter, shooting victim) testified
at trial—as the men fled down a hallway after coming to the apartment
door during the robbery (*see People v McCullough*, 128 AD3d 1510).

Contrary to defendant's contention, Supreme Court did not abuse
its discretion in granting the People's challenge for cause of a
prospective juror. "In the case of a challenge for cause of an
unsworn juror, a trial court 'should lean toward disqualifying a
prospective juror of dubious impartiality' " (*People v Traylor*, 283
AD2d 1013, 1013, *lv denied* 96 NY2d 869, quoting *People v Branch*, 46
NY2d 645, 651; *see People v Arnold*, 96 NY2d 358, 362). The
prospective juror in question had worked at a law firm with
codefendant's attorney several years before the trial and, "[a]lthough
[such] a 'nodding acquaintance' with the [codefendant's] trial
attorney does not compel disqualification as a matter of law" (*People
v Purcell*, 103 AD2d 938, 939; *see People v Provenzano*, 50 NY2d 420,

425), it was within the court's discretion to determine that "the better choice [was] to exclude such a juror" (*Purcell*, 103 AD2d at 939).

Defendant failed to preserve for our review his contentions concerning alleged prosecutorial misconduct (*see People v Goley*, 113 AD3d 1083, 1084; *People v Golson*, 93 AD3d 1218, 1219-1220, *lv denied* 19 NY3d 864), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that he was denied a fair trial by the court's questioning of witnesses (*see People v Charleston*, 56 NY2d 886, 887-888; *People v Anderson*, 114 AD3d 1083, 1087, *lv denied* 22 NY3d 1196), and we conclude, in any event, that the court "did not unnecessarily or excessively interfere in the presentation of proof" or "convey to the jury [its] opinion concerning the credibility of the witnesses or the merits of the case" (*People v Brown*, 256 AD2d 1109, 1109, *lv denied* 93 NY2d 851; *see People v Jamison*, 47 NY2d 882, 883-884; *see generally People v Yut Wai Tom*, 53 NY2d 44, 56-58).

Contrary to defendant's contention with respect to his conviction of assault in the second degree, we conclude that the evidence is legally sufficient to establish that the shooting victim sustained a physical injury, i.e., that he experienced substantial pain (*see* Penal Law §§ 10.00 [9]; 120.05 [2]; *People v Chiddick*, 8 NY3d 445, 447). The shooting victim testified that he was shot in the arm and leg, that being shot "[h]urt like hell" and "[f]elt like a bee sting with a thousand pounds of pressure added to it," and that he received pain medication at a hospital, thereby establishing that the pain was "more than slight or trivial" (*Chiddick*, 8 NY3d at 447; *see People v Stillwagon*, 101 AD3d 1629, 1630, *lv denied* 21 NY3d 1020; *People v Henderson*, 77 AD3d 1311, 1311, *lv denied* 17 NY3d 953). Moreover, viewing the evidence in light of the elements of the crime of assault in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict with respect thereto is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). The jury was entitled to credit the shooting victim's description of his injuries and resulting pain (*see People v Guidice*, 83 NY2d 630, 636; *People v Smith*, 45 AD3d 1483, 1483, *lv denied* 10 NY3d 771). Finally, the sentence is not unduly harsh or severe.

Entered: June 19, 2015                          Frances E. Cafarell
                                                Clerk of the Court