People v Lamb (2018 NY Slip Op 06264)





People v Lamb


2018 NY Slip Op 06264


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2014-00036
 (Ind. No. 1591/11)

[*1]The People of the State of New York, respondent,
v
Jermaine Lamb, appellant.


Paul Skip Laisure, New York, NY (Bryan D. Kreykes and Tammy Linn of counsel), for appellant, and appellant pro se.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Eric C. Washer of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered September 11, 2013, as amended September 19, 2013, convicting him of attempted murder in the second degree, reckless endangerment in the first degree, attempted assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, assault in the third degree, criminal possession of a forged instrument, and criminal contempt in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Joseph Zayas, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment, as amended, is affirmed.
The People presented evidence that the defendant fired a series of bullets into a house in Queens while in a car driving past the house. One of the occupants of the house, who was nine months pregnant at the time, was hit in the leg.
At a suppression hearing held before the trial, a detective testified that he received notification that a female had been shot at the house. Upon reporting to the house, the detective was informed that the defendant had been at the house earlier that day and had assaulted the mother of his child, who had been staying at the house. One of the occupants of the house gave the detective the defendant's cell phone number. The detective, through the technical assistance response unit of the police department, sent an "exigent circumstances form" (a form provided by the cellular carrier) to the defendant's wireless carrier, T-Mobile. The detective testified that T-Mobile was able to send a signal to "ping" the defendant's phone, which revealed the defendant's latitude and longitude. The defendant was subsequently located and arrested. The defendant's cell phone was found in a car that also contained silver shell casings.
The Supreme Court denied that branch of the defendant's omnibus motion which was to suppress the shell casings and other physical evidence obtained as a result of "pinging" the [*2]defendant's cell phone, finding that the use of the signal to identify the defendant's location was justified by exigent circumstances.
At trial, the People submitted recordings and transcripts of telephone calls the defendant had made from Rikers Island while awaiting trial. The People further submitted evidence that the defendant was in a basement apartment when he was located, and that the police used several robots, as well as pole cameras, in an attempt to persuade the defendant to surrender voluntarily. The defendant eventually surrendered peacefully.
The jury found the defendant guilty of the subject charges, and sentence was imposed.
Contrary to the defendant's contention, even if the pinging of the defendant's cell phone constituted a search implicating the protections of the Federal and State Constitutions (see US Const, 4th Amend; NY Const, art I, § 12; Carpenter v United States, _____ US _____, 138 Sup Ct 2206), the People established that the police were justified in proceeding without a warrant due to the existence of exigent circumstances (see People v Watkins, 125 AD3d 1364, 1365; cf. Carpenter v United States, _____ US _____ , 138 Sup Ct 2206; see generally People v McBride, 14 NY3d 440, 446; People v Cruz, 139 AD2d 581, 584).
The defendant's contention that the Supreme Court erred in admitting the records of the telephone calls he made from Rikers Island is unpreserved for appellate review (see CPL 470.05[2]). In any event, the court properly admitted the recordings and transcripts of the telephone calls (see People v Johnson, 27 NY3d 199, 202; People v Diaz, 149 AD3d 974, 975).
The defendant also failed to preserve for appellate review his contention that he was deprived of a fair trial by a remark made by the Supreme Court to prospective jurors during voir dire relating to their English language proficiency (see CPL 470.05[2]; People v Cunningham, 119 AD3d 601, 601). Contrary to the defendant's contention, the court's misconduct did not constitute a mode of proceedings error exempting him from the rules of preservation (see People v Porter, 153 AD3d 857, 857-858; People v Mason, 132 AD3d 777, 779). In any event, the court's remark to the prospective jurors, while inappropriate, does not warrant reversal (see People v Porter, 153 AD3d at 857-858; People v Mason, 132 AD3d at 779). However, we express our strong disapproval of the court's conduct in issuing the remark (see People v Prokop, 155 AD3d 975), and admonish that the court should discontinue this practice forthwith.
The defendant also failed to preserve for appellate review his contention that the Supreme Court erred in admitting testimony at trial regarding the manner of his arrest (see CPL 470.05[2]). In any event, the court providently exercised its discretion in admitting that testimony (cf. People v Griffiths, 247 AD2d 550, 551; see generally People v Scarola, 71 NY2d 769, 777).
The defendant's contention in Point I of his pro se supplemental brief, that the verdict finding him guilty of both attempted murder in the second degree and reckless endangerment in the first degree is repugnant, is unpreserved for appellate review (see People v Alfaro, 66 NY2d 985, 987; People v Driver, 154 AD3d 958, 960). In any event, the verdict is not repugnant (see People v Campbell, 208 AD2d 641, 642-643; see generally People v Tucker, 55 NY2d 1, 7).
Contrary to the defendant's contention in Point II of his pro se supplemental brief, the defendant was not denied the effective assistance of counsel, as defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The defendant's contention in Point III of his pro se supplemental brief is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
RIVERA, J.P., CHAMBERS, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court